IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNETTE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-138-KAJ |
| ) | |
| THE NEWS JOURNAL and ) | |
| ANN HINES, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF THE NEWS JOURNAL

Defendant, The News Journal ("Defendant"), by and through its attorneys, Richards, Layton & Finger, P.A., hereby answers the complaint ("Complaint") of Vernette Walker ("Plaintiff") as follows.

Defendant denies each and every averment of the Complaint except as expressly admitted below.

1. Defendant admits only that Plaintiff purports to state claims under the statutes she cites, but denies that such claims are appropriately brought or that Defendant has any liability to Plaintiff thereunder. Moreover, Defendant admits only that Plaintiff purports to invoke this Court's jurisdiction but avers that such allegation is a conclusion of law to which it has no obligation to respond. Defendant further avers that although Plaintiff purports to bring this claim under Title VII of the Civil Rights Act of 1964, as amended, she failed to allege she was discriminated against on the basis of her race, color, sex, religion or national origin.

2. Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 2.

- 2 -

3. The allegations in paragraph 3 of the Complaint are denied as stated. Defendant avers it is located at 950 W. Basin Road, New Castle, Delaware, 19720.

4. The allegations in paragraph 4 of the Complaint are denied.

5. The allegations in paragraph 5 of the Complaint are denied.

6. Defendant denies that any discriminatory conduct occurred or is occurring; therefore, this allegation is denied.

7. Defendant admits Plaintiff filed charges with the Delaware Department of Labor. Defendant denies that any discriminatory conduct occurred.

8. Defendant is without sufficient information to determine the truth or falsity of whether such charges were filed with the Equal Employment Opportunity Commission of the United Stated in June, 2005, and therefore such allegation is denied. Defendants deny that any discriminatory conduct occurred.

9. Defendant is without sufficient information to determine the truth or falsity of whether the Notice of Right to Sue letter was received by Plaintiff on December 8, 2005, and therefore such allegation is denied. Defendant admits that the right to sue letter is attached to the Complaint.

10. The allegations in paragraph 10 of the Complaint regarding alleged discriminatory conduct in relation to the termination of Plaintiff's employment and "Other acts" are denied.

11. The allegations related to alleged disability discrimination in paragraph 11 of the Complaint are denied. The allegations related to age discrimination are also denied for the reasons set forth in the simultaneously filed motion to dismiss.

12. The allegations in paragraph 12 of the Complaint are denied.

13. The allegations in paragraph 13 of the Complaint are denied. It is further averred that such allegation is a conclusion of law to which Defendant has no obligation to respond.

14. The allegations in paragraph 14 of the Complaint are denied, specifically, it is denied that the Defendant engaged in any discriminatory conduct whatsoever and further denied that the Defendant caused Plaintiff any damages. To the extent that Plaintiff requests any relief, Defendant denies that Plaintiff is entitled to any relief.

## DEFENSES

### FIRST DEFENSE

15. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

16. Plaintiff failed to attach the required charge of discrimination to her Complaint and, as such, her Complaint should be dismissed in its entirety.

### THIRD DEFENSE

17. Plaintiff failed to exhaust her administrative remedies under Title VII of the Civil Rights Act of 1964 and, therefore, Plaintiff's Title VII claims are barred. In connection, Defendant has filed a motion to dismiss Plaintiff's Title VII discrimination allegations.

### FOURTH DEFENSE

18. Plaintiff failed to exhaust her administrative remedies under the Age Discrimination in Employment Act and, therefore, Plaintiff's age claims are barred. In connection, Defendant has filed a motion to dismiss Plaintiff's age discrimination allegations.

### FIFTH DEFENSE

19. Plaintiff lacks standing because she does not have a disability or a record of a disability within the meaning of the ADA.

### SIXTH DEFENSE

20. Plaintiff lacks standing because she is not substantially impaired in a major life activity.

- 4 -

### SEVENTH DEFENSE

21. Plaintiff's claims are not actionable because Plaintiff was not entitled to any reasonable accommodation within the meaning of the ADA.

### EIGHTH DEFENSE

22. Plaintiff's claims are not actionable because Plaintiff (assuming, arguendo, she has a disability under the ADA) failed to make known her disability or to request a reasonable accommodation.

### NINTH DEFENSE

23. Plaintiff's claims are barred to the extent any of her alleged accommodations would have created an undue burden on Defendant.

### TENTH DEFENSE

24. As to Plaintiff's ADEA claim, Plaintiff failed to allege that someone outside of the protected class was treated more favorably than she was treated or that she was replaced by a younger worker.

### ELEVENTH DEFENSE

25. As to Plaintiff's ADEA claim, Plaintiff failed to show that Defendant's actions were not legitimate reasons but were pretext for discrimination.

### TWELFTH DEFENSE

26. Plaintiff was terminated for failing to return to work after a twelve week Family Medical Leave Act leave had concluded. As such, the ground for termination was based on a legitimate business decision and was not discriminatory in nature.

## THIRTEENTH DEFENSE

27. To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred and should be dismissed.

## FOURTEENTH DEFENSE

28. Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTEENTH DEFENSE

29. To the extent Plaintiff claims retaliation, Plaintiff's claims are meritless. Any decisions affecting Plaintiff's employment were made based upon legitimate, nondiscriminatory reasons.

## SIXTEENTH DEFENSE

30. In the alternative, Plaintiff cannot prove any damages proximately related to any alleged wrongful conduct of Defendant.

## SEVENTEENTH DEFENSE

31. Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate her damages as required by law.

## EIGHTEENTH DEFENSE

32. To the extent Plaintiff has made any claim for special damages, Plaintiff has failed to state such claim with the requisite specificity and, therefore, Plaintiff's claims are barred and should be dismissed.

WHEREFORE, Defendant The News Journal demands that the Court enter its orders, judgments, and decrees:

    (a)    dismissing Plaintiff's Complaint with prejudice

    (b)    entering judgment for Defendant and against Plaintiff;

(c)　awarding Defendant its costs and expenses in this action;

(d)　granting such other and further relief that may be just or equitable in the circumstances.

/s/ Jennifer C. Jauffret

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware  19899
(302) 651-7700
　Attorneys for Defendants

Dated: August 14, 2006

- 6 -

RLF1-3044216-1

## CERTIFICATE OF SERVICE

It is hereby certified that on this 14th day of August, 2006, true and correct copies of the foregoing were served via first class mail, postage prepaid, on the following:

Ms. Vernette Walker
29 Richard Road
New Castle, Delaware 19720

_____
Kelly A. Green (#4095)