# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERNETTE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-138-KAJ |
| | ) | |
| THE NEWS JOURNAL and | ) | |
| ANN HINES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPENING BRIEF IN SUPPORT OF
## DEFENDANT ANN HINES' MOTION TO DISMISS

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
  Attorneys for Defendants

Dated: August 14, 2006

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................1

NATURE AND STAGE OF PROCEEDINGS ...........................................................3

SUMMARY OF ARGUMENT ...................................................................................5

      I.  STATEMENT OF MATERIAL FACTS. ...............................................5

            A. The Parties .............................................................................5

            B. The Charge Of Discrimination .............................................5

            C. Discrimination Alleged In The Complaint .............................6

ARGUMENT .............................................................................................................7

      I.  STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS. .........7

      II.  HINES IS AN IMPROPER PARTY TO THIS SUIT UNDER TITLE VII. .....7

      III.  HINES IS AN IMPROPER PARTY TO THIS SUIT UNDER THE ADA. ....9

      IV.  NO INDIVIDUAL ADEA CLAIM CAN BE STATED AGAINST HINES ............................................................................................10

CONCLUSION ........................................................................................................13

## PRELIMINARY STATEMENT

Defendant Ann Hines ("Defendant" or "Hines") submits this brief in support of her motion to dismiss the complaint of *pro se* plaintiff Vernette Walker ("Plaintiff") in accordance with Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges she was wrongfully terminated from her employment with The News Journal ("The News Journal") on August 30, 2004. (Complaint ¶ 5). Plaintiff alleges this action was taken with discriminatory intent based upon her age, disability and possibly on unstated Title VII grounds. (Complaint ¶¶ 1, 11). Plaintiff does not mention Hines anywhere in the Complaint. The only mention of Hines is in a document (the Charge of Discrimination)[1] incorporated by reference into the Complaint (Complaint ¶ 12), in which Plaintiff alleges that Hines was "harassing" Plaintiff because Hines requested Plaintiff provide The News Journal with medical records about Plaintiff's condition and inquired when Plaintiff would be able to return to work. (Exhibit A).

All that Plaintiff has alleged in her Complaint (via her Charge) is that Hines was doing her job for her employer, The News Journal. Nevertheless, there is no individual liability for employees acting within the scope of their employment under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA") or the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff's discrimination claims can only be brought against an "employer," as defined by the aforementioned statutes. Therefore, the Title

---

[1] Please note Plaintiff was required to attach her Charge to the Complaint; however, she failed to do so. (See Complaint ¶ 12, which states, "A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of facts of plaintiff's case."). As such the Charge is incorporated by reference into the Complaint. The News Journal is in possession of the Charge and has attached a copy of such at Exhibit A.

VII, ADEA and ADA claims cannot survive against Hines, who is a manager at The News Journal, not an employer.

The Complaint should be dismissed *in toto* against Hines as the Plaintiff improperly alleges individual liability against Hines in her Complaint which will not lie under Title VII, ADEA and the ADA.

RLF1-3042328-1

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff commenced an administrative action against The News Journal when she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Delaware Department of Labor ("DDOL") on or about October 7, 2004 ("Charge"). (Ex. A). On December 5, 2005, Plaintiff was issued her Dismissal and Notice of Rights letter by the EEOC. (Complaint ¶ 9) (Ex. to Complaint). The EEOC adopted the findings of the DDOL (see Ex. to Complaint), which had determined The News Journal had not discriminated against Plaintiff when it terminated Plaintiff from her employment.[2] Specifically, the DDOL determined that "there is no reasonable cause to believe that an unlawful employment practice has occurred" because "Charging Party is not a covered disabled individual" and "Charging Party has provided no corroborative evidence that she was harassed or denied a reasonable accommodation."

These facts and the DDOL and the EEOC's determination notwithstanding, Plaintiff filed a complaint against Hines and The News Journal on or about March 1, 2006 (the "Complaint") alleging she was discriminated against on the basis of age and disability. (Complaint ¶ 11).[3] Elsewhere in the Complaint, Plaintiff purports to bring the action pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination.[4]

---

[2] As the EEOC decision adopted the findings of the DDOL (see Ex. to Complaint), the DDOL's decision is incorporated by reference and therefore is attached hereto at Exhibit B.

[3] As such, Plaintiff presumably attempted to state a claim for violation under the ADA and the ADEA.

[4] Defendant presumes that based upon the boxes checked in paragraph 11 of the Complaint, Plaintiff is not actually alleging a claim under Title VII as Plaintiff failed to check off that she had been discriminated against on the basis of race, color, sex, religion or national origin. The presence of the Title VII language in the Complaint appears to be the result of Plaintiff's utilization of a form complaint. Instead of making allegations under Title VII, Plaintiff hand wrote into the Complaint that the conduct was discriminatory with respect to her (cont.)

This is the Opening Brief in Support of the Motion to Dismiss of Defendant Ann Hines.[5]

---

age and disability. (Complaint ¶ 11). Further, Plaintiff did not bring a Title VII claim in the underlying Charge with the DDOL. Nevertheless, out of an abundance of caution, Defendant has proceeded as though Plaintiff has brought a claim under Title VII and requests that any such claim be dismissed or respectfully requests this Court to clarify that Plaintiff has failed to state a claim under Title VII.

[5] In the event the Court determines not to dismiss Plaintiff's claims against Hines for the reasons stated herein, Hines respectfully joins the Opening Brief in Support of The News Journal's Motion to Dismiss the ADEA and Title VII claims of Plaintiff filed simultaneously herewith.

## SUMMARY OF ARGUMENT

I.    **STATEMENT OF MATERIAL FACTS.**

Based upon the constraints of Fed. R. Civ. P. 12(b)(6) and solely for the purposes of this motion, Defendant relies upon the facts contained within the Plaintiff's Complaint and the documents referenced therein.

### A.    The Parties.

Plaintiff resides at 29 Richard Road, New Castle, Delaware 19720. (Complaint ¶ 2).

Plaintiff alleges defendant The News Journal is an employer with its place of business located at 950 Basin Road, New Castle, Delaware 19720. (Complaint ¶ 3).

Plaintiff alleges in the Charge Hines was a Benefits Manager at The News Journal but makes no allegations about where Defendant Hines resides. (Exhibit A, See generally Complaint).

### B.    The Charge Of Discrimination.

As Plaintiff utilized a form complaint, her Charge provides some background to the case. Plaintiff's Charge set forth the following allegations:

> Jurisdiction: Charging Party was employed by Respondent in the state of Delaware.
>
> Charging Party's protected class: Disability
>
> Adverse Employment Action: Discharge
>
> Employment harm: I am a qualified individual with a disability who is able to perform the essential functions of my position, with or without reasonable accommodation. I was out on approved medical leave beginning April 27, 2004. During the time of my leave, I received frequent harassing telephone calls from Ann Hines, Benefits Manager and Shelley Rumpf, Credit Manager. They kept asking me to provide more records, and also repeatedly asked when I would return to work. On August 30, 2004 I was discharged due to business necessity.

-5-

Applicable law(s):  Americans with Disabilities Act; Delaware Handicapped Persons Employment Protections Act

Respondent's explanation:  I was informed that I was discharged due to business necessity.

Comparator(s) or other specific reasons(s) for alleging discrimination:  Discharged while on medical leave.

## C.    <u>Discrimination Alleged In The Complaint.</u>

Plaintiff's Complaint set forth few, if any, details about her claims.  The few facts alleged are as follows:

Plaintiff seems to allege that she suffered employment discrimination under Title VII. (Complaint ¶¶ 1, 10).[6]  Plaintiff also alleges she suffered discrimination based upon her age and disability.  (Complaint ¶ 11).

Plaintiff alleges she was wrongfully terminated from her employment with The News Journal on or about August 30, 2004.  (Complaint ¶ 5).  In connection, Plaintiff alleges there were other acts of discrimination, specifically the "denial of merrit [sic] pay eligible benefits & retaliation, severance pay, vacation pay."  (Complaint ¶ 10).

---

[6] See note 4.

RLF1-3042328-1

**ARGUMENT**

**I.      STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS.**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is required to accept as true all allegations in the plaintiff's complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the nonmoving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). While the court may accept well-pleaded allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegation. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Johnson v. DaimlerChrysler Corp., 2003 WL 1089394, at *1 (D. Del. Mar. 6, 2003). Moreover, the plaintiff must set forth sufficient information to outline the elements of her claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the pleading, and matters of public record. See City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); see 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 299 (2d ed. 1990).

**II.     HINES IS AN IMPROPER PARTY TO THIS SUIT UNDER TITLE VII.**

As earlier stated, it is unclear whether Plaintiff attempted to state a claim under Title VII.[7] Nonetheless, if Plaintiff purported to bring a Title VII claim against Hines, it is clear under the law of the Third Circuit that the Title VII claim must be dismissed, as a claim of

---

[7] See note 4.

discrimination will not lie as to individual managers. As such, any purported Title VII claim by Plaintiff must be dismissed.

Only an "employer" can be liable under Title VII for discrimination. 42 U.S.C. § 2000e-2(a). Employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C.A. § 2000(b). The language of this statute has been interpreted in this Circuit to bar individual liability as to managers.

In Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077 (1996), the Third Circuit upheld dismissal of an individual defendant in a Title VII case. In its analysis, the Court found "significant" that "when Congress amended [Title VII] in 1991 to provide a detailed sliding scale of damages ranging from $50,000 for an employer of more than 14 and fewer than 101 employees, to $300,000 for employers with more than 500 employees ... it made no reference as to the amount of damages, if any, that would be payable by individuals." Sheridan, 100 F.3d at 1077. Further, the Third Circuit noted it was reasonable to infer that Congress did not intend to create individual liability from the concern Congress expressed about the negative way Title VII would impact small businesses and that Congress exempted small businesses from liability under the statute. Sheridan, 100 F.3d at 1078. As such, the Court held, "Congress did not intend to hold individual employees liable under Title VII." Id. at 1078.

Relying upon Sheridan, the Third Circuit again affirmed the dismissal of Title VII claims against individual defendants in Kachmar v. Sungard Data Systems, Inc., 109 F.3d 173 (3d Cir. 1997). In Kachmar, a former in-house counsel brought Title VII sex discrimination claims against her former employer and two supervisors related to her discharge. In affirming the dismissal of the individual defendants, the Third Circuit stated, "[T]his court in an en banc

decision, joined the majority of other circuits in concluding 'that Congress did not intend to hold individual employees liable under Title VII'." Id. at 184.

The Third Circuit more recently considered this issue again in Emerson v. Thiel College, 296 F.3d 184 (3d Cir. 2002). A student who allegedly suffered from quadriplegia brought suit under Title VII and the ADA against his former college, as well as the president and other administrators. The Third Circuit affirmed the dismissal of the action, which had held that individual employees were not liable under Title VII. Id. at 190; see also Everett v. Hosp. Billing and Collection Service, Ltd., 2005 WL 751940 (D. Del. Mar. 31, 2005) (dismissing ADA and Title VII counts against individual defendants); Barb v. Miles, Inc., 861 F. Supp. 356, 359 (W.D. Pa. 1994) (finding that "supervisors and co-employees are not personally liable under Title VII").

Thus, any Title VII claim against Defendant Hines must be dismissed.

## III.    HINES IS AN IMPROPER PARTY TO THIS SUIT UNDER THE ADA.

Claims for damages against individual supervisors and managers of private employers are not recognized under the ADA. Quite similar to Title VII, the ADA limits the definition of employers to exclude individuals. Specifically, the ADA provides that it is wrongful for an "employer" to discriminate, and that "'employer' means a person engaged in industry affecting commerce who has 15 or more employees." 42 U.S.C.A. § 12111(5)(A).

The Third Circuit in Emerson v. Thiel College addressed whether ADA liability could exist for an individual. 296 F.3d 184 (3d Cir. 2002). The Court found individual liability was not appropriate under Title III of the ADA, which prohibits discrimination in places of public accommodation. Id. at 189. In so doing, the Third Circuit noted its decision comported with previous rulings by other circuits that held individuals were not liable under Titles I and II of the

ADA, which prohibit discrimination by employers and public entities respectively. Id. at 189 (citing cases).

In a different matter, where the Third Circuit determined the ADA could support a claim for injunctive relief against an official, the Third Circuit straightforwardly noted *in dicta* that "there appears to be no individual liability for damages under Title I of the ADA." Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002).[8]

This Court has also previously recognized that no ADA claim may be stated against an individual manager. This Court dismissed an ADA claim brought against an individual executive and an individual manager by a former employee. Everett, 2005 WL 751940 (citing Emerson and dismissing the ADA counts against the individual defendants).[9]

As such, individual employees cannot be held liable under the ADA. Accordingly, Plaintiff's ADA claim against Hines must be dismissed.

## IV.    NO INDIVIDUAL ADEA CLAIM CAN BE STATED AGAINST HINES.

In paragraph 11 of the Complaint, Plaintiff purports to state an ADEA claim against Hines. Similar to Title VII and the ADA, such a claim cannot lie because it is settled law that no individual liability exists under the ADEA. The ADEA provides:

> It shall be unlawful for an **employer** . . . to fail or refuse to hire or
> to discharge any individual with respect to his compensation,

---

[8] Other circuits have similarly barred individual liability for managers in ADA claims in the employment context. See, e.g., Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); United States EEOC v. AIC Sec. Investigations, 55 F.3d 1276 (7th Cir. 1995).

[9] Similarly, other district courts of this circuit have also concluded there is no individual liability under the ADA. See McInerney v. Moyer Lumber and Hardware, Inc., 244 F. Supp. 2d 393, 398 (E.D. Pa. 2002) (collecting cases holding there is no individual liability under the ADA); Boone v. PA Office of Vocational Rehabilitation, 373 F. Supp. 2d 484, 50 (M.D. Pa. 2005) (dismissing ADA claims against individual defendants because ADA claims for money against individuals "must fail").

terms, conditions, or privileges of employment because of such individual's age.

29 U.S.C. § 623(a) (emphasis supplied). The ADEA defines employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b).

In Hill v. Borough of Kutztown, the Third Circuit affirmed in part, and reversed in part, the lower court's dismissal of an entire six-count complaint. The Third Circuit in reversing the lower court's ruling, determined that the plaintiff had stated an ADEA claim against the employer, the Borough of Kutztown. However, the Third Circuit ruled that the plaintiff **could not** bring a claim against the individual manager (the Mayor) because "the ADEA does not provide for individual liability." Hill v. Borough of Kutztown, ---F.3d ---, 2006 WL 2061145 at n.29 (3d Cir. 2006) (citing collection of cases that hold there is no individual liability under the ADEA) (emphasis added). The Court's ruling was based on its recognition that a parallel existed between many elements of the ADEA and Title VII and that because the Third Circuit had already determined Congress's intent that there be no individual liability under Title VII, there should likewise be no individual liability under the ADEA. Id. at *14 (citing Kachmar v. SunGuard Data Sys., Inc., 109 F.3d 173, 184 (3d Cir. 1997)).[10]

---

[10] Nor was the Third Circuit the first to reach this holding. Prior to the Third Circuit's holding in Hill, several other circuits concluded individuals could not be liable under the ADEA. See Stults v. Conoco, 76 F.3d 651, 655 (5th Cir. 1996) (finding "ADEA provides no basis for individual liability for supervisory employees"); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (noting individual members of board of commissions are not proper parties to ADEA claim); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1994) (holding vice president of company who was primarily responsible for plaintiff's termination was not proper defendant); Miller v. Maxwell's Int'l Inc., 991 F.2d 583 (9th Cir. 1993) (finding no individual liability where plaintiff pursued age discrimination claim against CEO and managers of defendant company). (cont.)

-11-

Thus, the law in the Third Circuit (and in other jurisdictions) is clear that there is no individual liability under the ADEA.  Accordingly, the ADEA claim against Hines should be dismissed.

---

Likewise, a sister court in the Third Circuit similarly concluded that individual liability was not appropriate under the ADEA.  See McDowell v. Axsys Techs. Corp., 2005 WL 1229863 (D.N.J. May 24, 2005).  Like in the Third Circuit's decision in Hill, the McDowell court noted the similarities between Title VII and the ADEA as a basis for its decision.

## CONCLUSION

WHEREFORE, for the reasons explained herein, all of Plaintiff's claims against Hines must be dismissed with prejudice. In the event the Court determines not to dismiss Plaintiff's claims against Hines for the reasons stated herein, Hines respectfully joins the Opening Brief in Support of The News Journal's Motion to Dismiss the ADEA and Title VII Claims of Plaintiff.

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
302-651-7701
    Attorneys for Defendants

Dated:  August 14, 2006

## CERTIFICATE OF SERVICE

It is hereby certified that on this 14th day of August, 2006, true and correct copies of the foregoing were served via first class mail, postage prepaid, on the following:

Ms. Vernette Walker
29 Richard Road
New Castle, Delaware  19720

_____ # 7568
Kelly A. Green (#4095)

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

| | |
|---|---|
| ☐ FEPA | 04100780 |
| ☐ EEOC | 17CA500028 |

**Delaware Department of Labor** and **EEOC**

(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Ms. Vernette Walker | (302) 324-9175 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 29 Richard Road  New Castle DE 19720  NCC | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below.)*

| NAME | NO. OF EMPLOYEES OR MEMBERS 300+ | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| The News Journal | | (302) 324-2505 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 950 Basin Road, New Castle, DE 19720 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RETALIATION  ☒ DISABILITY ☐ OTHER (Specify) | EARLIEST 8/30/2004   LATEST 8/30/2004   ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction:  Charging Party was employed by Respondent in the state of Delaware.
Charging Party's protected class:  Disability
Adverse employment action:  Discharge
Employment harm:  I am a qualified individual with a disability who is able to perform the essential functions of my position, with or without reasonable accommodation.  I was out on approved medical leave beginning April 27, 2004.  During the time of my leave, I received frequent harassing telephone calls from Ann Hines, Benefits Manager and Shelley Rumpf, Credit Manager.  They kept asking me to provide more records, and also repeatedly asked when I would return to work.  On 8/30/04 I was discharged.
Applicable law(s):  Americans with Disabilities Act; Delaware Handicapped Persons Employment Protections Act
Respondent's explanation:  I was informed that I was discharged due to business necessity.
Comparator(s) or other specific reason(s) for alleging discrimination:  Discharged while on medical leave.

Additional information and verification of these facts are provided by the attached Affidavit.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT  _____  I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.  10/7/04      Vernette Walker  Date        Charging Party (Signature) | NOTARY - (When necessary to meet State and Local Requirements)  Subscribed and sworn to before me this date      (Day, month, and year) |

EEOC FORM 5
REV 6/92

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EXHIBIT B

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM

Ms. Vernette Walker
29 Richards Road
New Castle, DE  19720

State Case No:  04100780

vs.

The News Journal
950 Basin Road
New Castle, DE  19720

## FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred.  The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:  In this case, Charging Party must show that she is a qualified individual with a disability who can perform the essential functions of her position, with or without a reasonable accommodation, and that adverse action was taken against her because of her disability.

The evidence and information provided during the investigation reveal that Charging Party is not a covered disabled individual according to the Americans with Disabilities Act (ADA).  Also, Charging Party has provided no corroborative evidence that she was harassed or denied a reasonable accommodation because of a disability while on medical leave to address her auto accident injury.

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

_6/30/05_
Date issued

_Julie K. Cutler_
Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12NC : 05/05

### NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Program provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a)     A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)     The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)     The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

### NOTICE OF FEDERAL RIGHTS

1.     If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.     If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.     Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*