IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERNETTE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-138-KAJ |
| | ) | |
| THE NEWS JOURNAL and | ) | |
| ANN HINES, | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF THE NEWS JOURNAL'S
MOTION TO DISMISS THE ADEA AND TITLE VII CLAIMS OF PLAINTIFF**

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
  Attorneys for Defendants

Dated:  August 14, 2006

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................1

NATURE AND STAGE OF PROCEEDINGS .....................................................2

SUMMARY OF ARGUMENT .............................................................................4

     I. Statement Of Material Facts...........................................................................4

          A. The Parties..........................................................................................4

          B. The Charge Of Discrimination............................................................4

          C. Discrimination Alleged In The Complaint............................................5

ARGUMENT........................................................................................................6

     I. STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS. ........................6

     II. BECAUSE AN ADEA CLAIM CANNOT BE RAISED FOR THE FIRST
     TIME IN A CIVIL SUIT PLAINTIFF'S ADEA CLAIM MUST BE DISMISSED.6

     III. PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE
     REMEDIES UNDER TITLE VII. ...................................................................9

CONCLUSION...................................................................................................15

## PRELIMINARY STATEMENT

Defendant The News Journal ("Defendant" or "The News Journal") submits this brief in support of its motion to dismiss portions of the complaint ("Complaint") of *pro se* plaintiff Vernette Walker ("Plaintiff") in accordance with Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges she was wrongfully terminated from her employment by The News Journal on August 30, 2004. (Complaint ¶ 5). She alleges she was terminated because of illegal discrimination based upon an alleged disability, her age and possibly on unspecified Title VII of the Civil Rights Act of 1964 ("Title VII") grounds.[1] (Complaint ¶ 11).

The present Complaint is the first time Plaintiff has alleged she suffered age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"). Further, if Plaintiff is actually setting forth a Title VII cause of action, the Complaint is the first time such allegations have been made by Plaintiff. As Plaintiff wholly failed to raise any alleged age or Title VII discrimination claims at the agency stage, she failed to exhaust the necessary administrative remedies available to her.

Therefore, the ADEA and Title VII claims in Plaintiff's Complaint must be dismissed, as a matter of law, against The News Journal.[2]

---

[1] Defendant presumes that based upon the boxes checked in paragraph 11 of the Complaint, Plaintiff is not actually alleging a claim under Title VII, as Plaintiff failed to check off that she had been discriminated against on the basis of race, color, sex, religion or national origin. Instead, Plaintiff hand wrote into the Complaint that the conduct was discriminatory with respect to age and disability. (Complaint ¶ 11). The presence of the Title VII language appears to be the result of Plaintiff's utilization of a form complaint. Nevertheless, out of an abundance of caution, Defendant has proceeded as though Plaintiff has brought a claim under Title VII and requests that any such claim be dismissed or respectfully requests this Court to clarify that Plaintiff has failed to state a claim under Title VII.

[2] To the extent all claims are not dismissed against Hines pursuant to her separately filed motion to dismiss, Defendant Hines respectfully joins The News Journal's motion to dismiss and the present brief.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff commenced an administrative action against The News Journal when she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Delaware Department of Labor ("DDOL") on or about October 7, 2004 alleging she was discriminated against solely on the basis of a disability. (Ex. A).[3] On December 5, 2005, Plaintiff was issued her Dismissal and Notice of Rights letter by the EEOC. (Complaint ¶ 9) (Ex. to Complaint). The EEOC adopted the findings of the DDOL (See Ex. to Complaint), which had determined The News Journal had not discriminated against Plaintiff when it terminated her employment.[4] Specifically, the DDOL determined that "there is no reasonable cause to believe that an unlawful employment practice has occurred" because "Charging Party is not a covered disabled individual" and "Charging Party has provided no corroborative evidence that she was harassed or denied a reasonable accommodation." (Exhibit B).

These facts and the DDOL and the EEOC's determination notwithstanding, Plaintiff filed a complaint against The News Journal and individual manager Ann Hines on or about March 1, 2006 (the "Complaint") specifically alleging she was discriminated against on the basis of age

---

[3] Please note Plaintiff was required to attach her Charge to the Complaint; however, she failed to do so. (See Complaint ¶ 12, which states, "A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of facts of plaintiff's case."). As such, the Charge is incorporated by reference. As The News Journal is in possession of the Charge, The News Journal has attached a copy of such at Exhibit A.

[4] As the EEOC decision adopted the findings of the DDOL (See Ex. to Complaint), the DDOL's decision is incorporated by reference and therefore is attached hereto at Exhibit B.

and disability. (Complaint ¶ 11).[5] As mentioned above, it also appears that Plaintiff purports to bring the action pursuant to Title VII for employment discrimination. (Complaint ¶¶ 1, 13).

 This is the Opening Brief in Support of the News Journal's Motion to Dismiss the ADEA and Title VII Claims of Plaintiff.

 Concurrent with the filing of this Motion to Dismiss, The News Journal is filing an answer which responds to Plaintiff's disability allegations.

---

  [5] As such, Plaintiff presumably attempted to state a claim for violation of the Americans With Disabilities Act of 1990, as amended ("ADA"), and the ADEA.

## SUMMARY OF ARGUMENT

### I.    Statement Of Material Facts.

Based upon the constraints of Fed. R. Civ. P. 12(b)(6) and solely for the purposes of this motion, The News Journal relies upon the facts contained within Plaintiff's Complaint and the documents referenced therein.

### A.    The Parties.

Plaintiff resides at 29 Richard Road, New Castle, Delaware 19720. (Complaint ¶ 2).

Plaintiff alleges The News Journal is an employer located at 950 Basin Road, New Castle, Delaware 19720. (Complaint ¶ 3).

Plaintiff alleges in the Charge Hines was a Benefits Manager at The News Journal but makes no allegations about where defendant Hines resides. (Exhibit A).

### B.    The Charge Of Discrimination.

As Plaintiff utilized a form complaint with little detail, her Charge provides some background to the case. Plaintiff's Charge sets forth the following pertinent allegations.

> Charging Party's protected class: **Disability**[6]
>
> Employment harm: I am a qualified individual with a disability who is able to perform the essential functions of my position, with or without reasonable accommodation. I was out on approved medical leave beginning April 27, 2004. During the time of my leave, I received frequent harassing telephone calls from Ann Hines, Benefits Manager and Shelley Rumpf, Credit Manager. They kept asking me to provide more records, and also repeatedly asked when I would return to work. On August 30, 2004 I was discharged due to business necessity.
>
> Applicable law(s): **Americans with Disabilities Act; Delaware Handicapped Persons Employment Protections Act.**

---

[6] Moreover, Plaintiff did not check the available boxes on her Charge to indicate that she wanted to bring a claim because of discrimination related to her race, color, sex, religion, national origin, age or retaliation. (Exhibit A).

Comparator(s) or other specific reasons(s) for alleging discrimination: Discharged while on medical leave.

(Exhibit A) (emphasis supplied).

## C.   <u>Discrimination Alleged In The Complaint.</u>

Plaintiff's Complaint sets forth few, if any, details about her claims. The few facts alleged are as follows.

Plaintiff seems to allege that she suffered employment discrimination under Title VII. (Complaint ¶¶1, 10).[7] Plaintiff also alleges she was discriminated against based upon her age and disability. (Complaint ¶ 11).

Plaintiff alleges she was wrongfully terminated from her employment with The News Journal on or about August 30, 2004. (Complaint ¶¶ 5, 10). In connection, Plaintiff states there were other acts of discrimination, specifically the "denial of merit [sic] pay eligible benefits & retaliation, severance pay, vacation pay." (Complaint ¶ 10).

---

[7] <u>See</u> note 1.

# ARGUMENT

## I.    STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS.

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is required to accept as true all allegations in the plaintiff's complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the nonmoving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). While the court may accept well-pleaded allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegation. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Johnson v. DaimlerChrysler Corp., 2003 WL 1089394, at *1 (D. Del. Mar. 6, 2003). Moreover, the plaintiff must set forth sufficient information to outline the elements of her claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the pleading, and matters of public record. See City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); see 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 299 (2d ed. 1990).

## II.    BECAUSE AN ADEA CLAIM CANNOT BE RAISED FOR THE FIRST TIME IN A CIVIL SUIT PLAINTIFF'S ADEA CLAIM MUST BE DISMISSED.

In paragraph 11 of the Complaint, Plaintiff states an ADEA claim against The News Journal. However, despite every opportunity to do so, no ADEA claim was brought by Plaintiff at the agency stage. (Exhibit A).

The ADEA provides, in relevant part:

> No civil action may be commenced by an individual under this section **until 60 days after a charge alleging unlawful**

-6-

> **discrimination has been filed with the Equal Employment Opportunity Commission**. Such a charge shall be filed -
>
> (1)    within 180 days after the alleged unlawful practice occurred; or
>
> (2)    in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
>
> Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(d).[8]  As such, a plaintiff wishing to file a lawsuit with an ADEA claim must comply with the ADEA's procedural requirements for doing so.  Courts have interpreted the ADEA's enforcement language to require a plaintiff to exhaust his or her administrative remedies prior to filing a lawsuit.[9]

Notably, the Third Circuit has considered whether an employee was required to exhaust administrative remedies in relation to an ADEA claim prior to filing suit.  See Seredinski v. Clifton Precision Prods. Co., 776 F.2d 56 (3d Cir. 1985).  The Court determined that although the ADEA does not require an individual to obtain a right to sue letter like Title VII, a complainant **must file** an age discrimination charge with the EEOC not less than 60 days before commencing civil suit.  Id. at 63.  Therefore, an ADEA plaintiff must exhaust administrative remedies prior to filing suit.  The Third Circuit explained the reasoning behind this requirement

---

[8] In Kimel v. Florida Board of Regents, the Supreme Court ruled the ADEA is not appropriate legislation to the extent the ADEA purports to abrogate States' sovereign immunity. 528 U.S. 62,63 (2000).  The findings in Kimel should not affect the ADEA's application to the case at bar as Plaintiff was employed by a private employer.

[9] See also 7 Bus. & Com. Litig. Fed. Cts. § 78:55 (2d ed.).

was to ensure the EEOC had an opportunity to dispose of ADEA matters by using the informal methods it is authorized by statute to utilize, such as conciliation, conference and persuasion. Id.

More recently, the Third Circuit again addressed the requirement that administrative remedies be exhausted under the ADEA. In <u>Money v. Provident Mutual Life Insurance</u>, at the agency stage plaintiff alleged he had been discriminated against based upon his race. 2006 WL 1881242 (3d Cir. July 7, 2006). In plaintiff's federal complaint he continued to press his race claim and for the first time asserted an age claim. Id. at * 3. Plaintiff conceded he had not filed a formal age discrimination charge with the EEOC but argued he alerted the EEOC to the alleged age discrimination by sending the EEOC a copy of plaintiff's federal court complaint. Id. The Third Circuit reiterated that a plaintiff with ADEA claims must exhaust his or her administrative remedies as required by the statute prior to filing suit, not simultaneously or afterwards. Id. Therefore, the Third Circuit affirmed the lower court's dismissal of plaintiff's ADEA claim. Id.

In <u>Eckhaus v. Consolidated Rail Corp.</u>, 2003 WL 23205042 (D.N.J. Dec. 24, 2003), a sister court disposed of plaintiff's ADEA claim, finding plaintiff failed to allege age discrimination in her EEOC charge. The court found "Plaintiff should have asserted her age discrimination claim separately in her EEOC charge, thereby putting the EEOC on notice that Plaintiff was also the alleged victim of discrimination based upon her age." Id. at *11. The court explained that the age discrimination claim was "separate and distinct" from other discrimination claims presented to the EEOC.

Therefore, here, because Plaintiff failed to claim age discrimination at the agency stage, her present ADEA claims must be dismissed for failure to exhaust administrative remedies.

### III. PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES UNDER TITLE VII.

As earlier stated, it is unclear whether Plaintiff attempted to state a claim under Title VII in her Complaint.[10] (Complaint ¶ 1). In any event, it is clear that Plaintiff **did not** bring a Title VII claim in her underlying Charge. (Exhibit A). As such, the ambiguous allegations in the Complaint would serve as the first time Defendants were put on notice of a Title VII claim.

Title VII provides, in relevant part:

> A **charge** under this section **shall be filed** within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C.A. § 2000e-5(e)(1) (emphasis supplied). Further, clarifying that administrative action must be taken prior to initiating litigation, Title VII provides, as to private employers, that **after** the EEOC makes a final determination about the status of the Title VII matter, the EEOC "shall so notify the person aggrieved and within ninety days **after** the giving of such notice a civil action may be brought against the respondent named in the charge [ ] by the person claiming to be aggrieved." 42 U.S.C.A. § 2000e-5.

---

[10] See note 1.

Pursuant to the statute, enforcement of Title VII rights necessarily involves several precursors to a civil suit: 1) the alleged type of discrimination must be raised before the EEOC; 2) the EEOC must investigate and reach a determination as to whether or not discrimination occurred,[11] and 3) the individual must be notified of the EEOC's determination. See, eg., Burgh v. Borough Council of The Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Then, and only then, may an individual bring a Title VII civil suit. Thus, any current purported Title VII claim of Plaintiff must be dismissed because Plaintiff failed to meet even the first step of alerting the EEOC to a possible cause of action.

Further, under the law of the Third Circuit, the present Title VII claim (to the extent Plaintiff attempts to bring one) must be dismissed because a Title VII claim cannot be raised for the first time in a civil action. Hornsby v. United States Postal Serv., 787 F.2d 87 (3d Cir. 1986). Importantly, the Third Circuit stated:

> The causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits. A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution.

Id. at 90. Therefore, a Title VII claim will not lie if all administrative remedies have not been exhausted. See Robinson v. Dalton, 107 F.3d 1018 (3d Cir. 1997). The Third Circuit noted that "it is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." Id. at 1020. It is necessary to exhaust administrative remedies "to promote administrative efficiency, 'respect[ ] executive autonomy by allowing an agency the opportunity to correct its own errors,' provide courts with the benefit of

---

[11] Or, in some instances, before a determination is rendered, a charging party may request a right to sue letter from the EEOC.

an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record." Id. at 1020 (quoting Heywood v. Cruzan Motors, Inc., 792 F.2d 367, 370 (3d Cir. 1986)). Moreover, questions about whether or not all administrative remedies have been exhausted "are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim." Id. at 1022.

The Third Circuit previously addressed the issue of an employee who failed to exhaust his administrative remedies with respect to a Title VII gender discrimination claim. See Antol v. Perry, 82 F.3d 1291 (3d 1996). In Antol, plaintiff failed to raise any Title VII gender discrimination claims in any of the administrative proceedings. Before the EEOC, plaintiff had only asserted he had been discriminated against based upon a disability; however, in his federal court complaint he asserted for the first time that the discrimination had also been based upon his gender. The Third Circuit held:

> Neither the EEOC nor the agency were put on notice of a gender discrimination claim. The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.

Id. at 1296. As such, the Third Circuit found that plaintiff had failed to exhaust his administrative remedies and ruled against him.[12]

In Ebert v. Office of Information Systems, this Court considered a defendant's motion to dismiss a newly alleged Title VII claim. 1998 WL 324923 at * 1 (D.Del). In Ebert, at the agency stage, plaintiff alleged she was sexually harassed and retaliated against but failed to make a claim

---

[12] Defendant in Antol raised the exhaustion issue at the summary judgment stage. Nevertheless, other courts (including this one) have dismissed claims at an initial stage for failure to exhaust administrative remedies.

for failure to promote.[13]  This Court recognized that because of exhaustion requirements there are limitations on the presentation of new claims in the trial court.  Consequently, newly alleged acts must be fairly within the scope of the prior EEOC charge or they cannot later be alleged in litigation.  Id. at *4.  The Court held that the failure to promote claim was not within the scope of the original sexual harassment claim because: 1) there was nothing in the record to indicate the EEOC had any reason to investigate the failure to promote claim; 2) the failure to promote claim did not logically flow from a claim of gender discrimination; and 3) neither the EEOC or defendant were put on notice of the failure to promote claim and therefore the EEOC was not given the opportunity to resolve the dispute.  Id. at *5.  As such, the Court dismissed plaintiff's failure to promote claim.

Similarly, in Price v. Schwan's Home Services, another district court considered whether plaintiff had properly stated a Title VII claim because he had failed to raise any Title VII violations in his agency charge.  2006 WL 897721, at *1 (W.D. Pa. Apr. 3, 2006).  Quite similar to the case at bar, the Price court noted plaintiff "makes no allegation of a violation of Title VII in the body of the Federal Court Complaint" and that Title VII was only mentioned in the jurisdiction and venue section of the complaint.[14]  Id. at *3.  The court held filing a timely Title VII charge with the state agency or the EEOC was a precondition to filing a complaint in federal court.  As such, the court dismissed plaintiff's Title VII count.

Further, not only is there a requirement to put the state agency or EEOC on notice of the type of claim plaintiff is raising, plaintiff also needs to raise the underlying facts supporting such claim.  For example, in Sandom v. Travelers Mortgage Services, Inc., a plaintiff raised Title VII

---

[13] Plaintiff, also for the first time in the complaint, alleged a hostile work environment. The Court permitted this new claim to stand, finding it was closely linked to the sexual harassment claim.

[14] See note 1.

-12-

sexual harassment claims for the first time in a federal complaint. 752 F. Supp. 1240 (D.N.J 1990). Even though plaintiff raised sexual discrimination claims before the EEOC, the court determined the facts surrounding the new harassment claim were distinct from those raised at the agency stage.[15] Id. at 1248 (citing to <u>Zalewski v. M.A.R.S. Enters., Ltd.</u>, 561 F. Supp. 601 (D. Del. 1982). As such, the court found that "the sexual harassment claim is sufficiently distinct from the forms of sexual discrimination claims alleged in the EEOC charges and, therefore, requires a dismissal of that claim, until administrative procedures have been exhausted." <u>Id.</u>

Additionally, for a complaint to survive a motion to dismiss the plaintiff's complaint must have alleged that she or he exhausted all necessary administrative remedies. <u>See</u> <u>Searcy v. Southeastern Pennsylvania Transportation Authority</u>, 1997 WL 152791, at *4 (E.D. Pa. Mar. 27, 1997). The court dismissed plaintiff's Title VII race claims because the plaintiff failed to allege in her complaint that she exhausted her Title VII administrative remedies. <u>Searcy</u>, 1997 WL 152791, at *4. The court explained that a Title VII claim is not validly stated in a complaint "'unless it asserts the satisfaction of the precondition to suit specified by Title VII,'" which is "'prior submission of the claim'" to the EEOC. <u>Id.</u> (quoting <u>Hornsby v. United States Postal Service</u>, 787 F.2d 87, 90 (3d Cir. 1986). Likewise, here Plaintiff failed to allege that she exhausted all administrative remedies.

In conclusion, Plaintiff failed to raise even a specter of a Title VII discrimination claim with the EEOC or DDOL. As such, these agencies were never put on notice of such a claim and therefore were afforded no opportunity to investigate or attempt to resolve any Title VII claim.

---

[15] It is clear that Plaintiff's age and Title VII claims, which she first raised in the Complaint, are not nearly as closely related to Plaintiff's previous disability claim, as the type of sexual harassment and sexual discrimination claims addressed by the <u>Sandom</u> court. As such, since Plaintiff's new claims are distinct, they should clearly be dismissed.

Further, like in <u>Price</u>, Plaintiff barely mentions Title VII in her complaint[16] and makes no specific allegations of discrimination based upon Title VII grounds. (Complaint ¶ 11). Thus, any Title VII claim against The News Journal must be dismissed, as Plaintiff failed to exhaust her administrative remedies as to such claim and fails to allege sufficient facts to support a cause of action in her Complaint.

---

[16] <u>See</u> note 1.

## **CONCLUSION**

WHEREFORE, for the reasons explained herein, Plaintiff's ADEA and Title VII claims

against The News Journal must be dismissed with prejudice.

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
302-651-7701
    Attorneys for Defendants

Dated:  August 14, 2006

## CERTIFICATE OF SERVICE

It is hereby certified that on this 14th day of August, 2006, true and correct copies of the foregoing were served via first class mail, postage prepaid, on the following:

Ms. Vernette Walker
29 Richard Road
New Castle, Delaware  19720

Kelly A. Green (#4095)

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

| ENTER CHARGE NUMBER |
|---|
| ☐ FEPA 04100780 |
| ☐ EEOC 17CA500028 |

**Delaware Department of Labor**   and **EEOC**

(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Ms. Vernette Walker | (302) 324-9175 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 29 Richard Road | New Castle DE 19720   NCC | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below.)*

| NAME | NO. OF EMPLOYEES OR MEMBERS 300+ | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| The News Journal | | (302) 324-2505 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 950 Basin Road, New Castle, DE 19720 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE

☐ RETALIATION ☒ DISABILITY ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | 8/30/2004 |
| LATEST | 8/30/2004 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party was employed by Respondent in the state of Delaware.
Charging Party's protected class: Disability
Adverse employment action: Discharge
Employment harm: I am a qualified individual with a disability who is able to perform the essential functions of my position, with or without reasonable accommodation. I was out on approved medical leave beginning April 27, 2004. During the time of my leave, I received frequent harassing telephone calls from Ann Hines, Benefits Manager and Shelley Rumpf, Credit Manager. They kept asking me to provide more records, and also repeatedly asked me when I would return to work. On 8/30/04 I was discharged.
Applicable law(s): Americans with Disabilities Act; Delaware Handicapped Persons Employment Protections Act
Respondent's explanation: I was informed that I was discharged due to business necessity.
Comparator(s) or other specific reason(s) for alleging discrimination: Discharged while on medical leave.

Additional information and verification of these facts are provided by the attached Affidavit.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

| I declare under penalty of perjury that the foregoing is true and correct. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| 10/7/04          *Vernette Walker* | |
| Date          Charging Party (Signature) | Subscribed and sworn to before me this date          (Day, month, and year) |

# EXHIBIT B

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM**

Ms. Vernette Walker                                          State Case No:  04100780
29 Richards Road
New Castle, DE  19720


vs.


The News Journal
950 Basin Road
New Castle, DE  19720


### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

#### *No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred.  The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:  In this case, Charging Party must show that she is a qualified individual with a disability who can perform the essential functions of her position, with or without a reasonable accommodation, and that adverse action was taken against her because of her disability.

The evidence and information provided during the investigation reveal that Charging Party is not a covered disabled individual according to the Americans with Disabilities Act (ADA).  Also, Charging Party has provided no corroborative evidence that she was harassed or denied a reasonable accommodation because of a disability while on medical leave to address her auto accident injury.


See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

10/30/05
Date issued

_Julie K. Cutler_
Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*


DOL Form C-12NC : 05/05

### NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Program provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a)     A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)     The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)     The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

### NOTICE OF FEDERAL RIGHTS

1.     If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.     If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.     Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-13 : 8/04