IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNETTE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-138-MPT |
| ) | |
| THE NEWS JOURNAL and ) | |
| ANN HINES, ) | |
| ) | |
| Defendants. ) | |

### AMENDED NOTICE OF SERVICE

TO:  Ms. Vernette Walker
     29 Richard Road
     New Castle, DE 19820

PLEASE TAKE NOTICE that two true and correct copies of Defendants' First Set of Interrogatories Directed to Plaintiff which are attached hereto as Exhibit A were caused to be served on March 30, 2007 in the manner indicated:

### BY FIRST CLASS U.S. MAIL

Ms. Vernette Walker
29 Richard Road
New Castle, DE 19820

_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants

Dated: May 25, 2007

RLF1-3133541-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and on May 25, 2007, mailed, via first class mail, postage prepaid, copies to:

Ms. Vernette Walker
29 Richard Road
New Castle, DE 19820
*Pro Se*

/s/ Mallet #3689
For Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
Fineman@rlf.com

RLF1-3133541-1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNETTE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-138-MPT |
| ) | |
| THE NEWS JOURNAL and ) | |
| ANN HINES, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' FIRST SET OF
### INTERROGATORIES DIRECTED TO PLAINTIFF

Defendants The News Journal and Ann Hines (jointly, "Defendants") hereby request, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, that Plaintiff answer the following interrogatories under oath within thirty (30) days hereof.

### DEFINITIONS

1. "The News Journal" means The News Journal, its predecessors, successors, subsidiaries and affiliates and their respective predecessors in interest and successors, each of their present and former executives, officers, directors, partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on its behalf.

2. "Plaintiff" means Vernette Walker, her partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on her behalf.

3. "Complaint" means the complaint filed in this action.

4. "Charge" refers to the Charge of Discrimination filed with the DDOL, Case No. 0312155 and the EEOC, Case No. 17CA400152, by Plaintiff.

5. "DDOL" refers to the Delaware Department of Labor and its agents, employees and attorneys.

- 2 -

6. "EEOC" refers to the Equal Employment Opportunity Commission, and its agents, employees and attorneys.

7. "You," "Your" or "Yourself" shall mean Plaintiff.

8. "Identify," "identity," or "identification":

(a) When used in reference to a natural person, the terms "identify," "identity," or "identification" mean provide the following information:

(i) Full name;

(ii) Present or last known business and residential address and telephone number;

(iii) Present or last known business affiliation; and

(iv) Present or last known business positions (including job title and a description of job functions, duties, and responsibilities).

(b) When used with reference to any entity other than a natural person, state:

(i) Its full name;

(ii) The address and telephone number of its principal place of business;

(iii) The jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

(iv) The identity of all individuals who acted and/or who authorized another to act on its behalf in connection with the matters referred to;

(v) In the case of a corporation, the names of its directors and principal officers; and

(vi) In the case of an entity other than a corporation, the identities of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to.

(c) When used in reference to a document, the terms "identify," "identity," or "identification" mean provide the following information:

(i) The nature of the document (e.g., letter, contract, memorandum) and any other information (i.e., its title, index, or file number) which would facilitate in the identification thereof;

(ii) Its date of preparation;

(iii) Its present location and the identity of its present custodian or, if its present location and custodian are not known, a description of its last known disposition;

(iv) Its subject matter and substance, or, in lieu thereof, annex a legible copy of the document to the answers to these Interrogatories;

(v) The identity of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof, together with a description of each such person's function, role, or knowledge; and

(vi) If the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, the identity of the people responsible for the document no longer being in existence and of its last custodian.

(d) When used in connection with an oral communication, the terms "identify," "identity," and "identification" mean provide the following information:

(i) Its general nature;

(ii) The time and place thereof;

- 3 -

    (iii) A detailed chronological account setting forth each element thereof, what such element consisted of, and what transpired as a part thereof;

    (iv) The identity of each person who performed any function or had any role in connection therewith (i.e., speaker, participant, contributor of information, witness, etc.) or who has any knowledge thereof, together with a description of each such person's function, role, or knowledge; and

    (v) The identity of each document which refers thereto, or which was used, referred to, or prepared in the course or as a result thereof.

  9. "Describe" or "description":

   (a) When used with respect to any act, action, accounting, activity, audit, practice, process, occurrence, occasion, course of conduct, happening, negotiation, relationship, scheme, communication, conference, discussion, development, service, transaction, instance, incident, or event, the terms "describe" or "description" mean provide the following information:

    (i) Its general nature;

    (ii) The time and place thereof;

    (iii) A detailed chronological account setting forth each element thereof, what such element consisted of, and what transpired as a result thereof;

    (iv) The identity of each person (as defined in Paragraph 12) who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a description of each such person's function, role or knowledge;

    (v) The identity of each document (as defined in Paragraph 11) which refers thereto or which was used, referred to, or prepared in the course or as a result thereof; and

    (vi) The identity of each oral communication which occurred in the course of the preparation thereof or which referred thereto.

(b) When used in connection with any calculation, computation, amount, or figure, the terms "describe" or "description" mean provide the following information:

(i) A detailed explanation of its meaning;

(ii) A detailed explanation of the manner in which it was derived, including an itemization of all subcategories included therein;

(iii) The identity of each person (as defined in Paragraph 12) who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a description of each such person's function, role or knowledge;

(iv) The identity of each document (as defined in Paragraph 11) which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and

(v) The identity of each oral communication which occurred in the course of the preparation thereof or which referred thereto.

10. "Communication" means any written, oral, telephonic or other inquiry, examination, notice, representation, discussion, conversation, correspondence, e-mail, memorandum, telegram, pleading, negotiation, review, claim, agreement, understanding, meeting or interview. Communications between any individual or entity and any other individual or entity includes communications going in either direction between such individuals or entities.

11. "Document" shall have the broadest meaning permitted under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand: letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or

interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, jottings, handwritten entries or notes, meeting reports, messages, orders, resolutions, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, forms, contracts, agreements, ledgers, appraisals, financial data, findings, analyses, purchase orders, confirmations, publications, articles, applications, books, pamphlets, circulars, booklets, certificates, microfilm, microfiche, reports, studies, logs, estimates, diagrams, journals, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photomaps, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, press releases, tape recordings, videotapes, disks, diskettes, compact disks, data tapes or readable computer-produced interpretations or transcriptions thereof, computer archives, computer databases, computer cards, computer printouts, computer tapes, computer readouts, correspondence (including fax transmissions), electronically transmitted messages ("e-mail"), voice-mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including, but not limited to, any information contained in any computer, even if not yet printed out, within the possession, custody or control of Plaintiff, or any other means of preserving thoughts or expressions, including the original and each subsequent draft, each non-identical (whether non-identical due to alterations, attachments, blanks, comments, notes, underlining, highlighting or otherwise) of any writing or record however described, wherever the document is located, however produced or reproduced, whether draft or final version. This definition also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from

whatever source, underlying, supporting or used in the preparation of any document. This definition further includes any file or other container holding, or that at any time held any document, as well as any writing or other communication that appears or appeared on, or is or was affixed to, such file or other container.

12. "Person" or "persons" as used herein means all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact; all federal, foreign, state, local or other governmental entities; and all legal entities, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

13. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in context.

14. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

15. "Any" includes "all" and vice versa.

16. The terms "all" and "each" shall be construed as all and each.

## INSTRUCTIONS

1. The terms "refer," "relate," "reflect," "concerning" or "concern" shall be construed to bring within the scope of the request all information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to the subject matter of the request.

2. Whenever the term "including" is used herein, it shall be construed to mean "including, but not limited to."

3. Whenever a verb is used in one tense it shall also be taken to include all other tenses, so as to bring within this request documents that might otherwise be excluded.

4. In addition to original and final versions of documents, all drafts, alterations, modifications, changes and amendments of documents should be identified, as well as all copies non-identical to the original in any respect, including any copy bearing non-identical markings or notations of any kind.

5. If any information requested herein is withheld or redacted under claim of privilege or pursuant to any other legal doctrine, you are requested at the time of responding to these interrogatories to (i) state with specificity the claim of privilege or other reason used to withhold the information and (ii) identify all information by date and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted. You are further requested to provide all requested information that is not subject to a claim of privilege or other reason for non-production by excising or otherwise protecting the portions for which a privilege is asserted, if such technique does not result in disclosing the contents of the portions for which some privilege is asserted.

6. If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

These interrogatories are continuing in nature. If further information or documents come into your possession or are brought to your attention during preparation for trial, supplementation of your response is hereby requested.

## INTERROGATORIES

1. Describe in specific detail each effort or action Plaintiff took to find employment following Plaintiff's separation from employment with The News Journal through the present (i.e., reviewing newspaper ads, contacting employment agencies, sending out resumes, etc.) and

the frequency with which Plaintiff took such action(s) or made such effort(s) (i.e., daily, weekly, monthly, etc.).

2. Identify each employer or person from which Plaintiff received an interview and, if applicable, an offer of employment subsequent to Plaintiff's separation from employment with The News Journal through the present.

3. Set forth in complete detail Plaintiff's employment history after Plaintiff's separation from employment with The News Journal, including the identity and address of each employer for whom Plaintiff worked and the dates for which Plaintiff worked for that employer(s).

4. Describe in complete detail the compensation (monetary and benefits) Plaintiff received from each employer for whom she worked after Plaintiff's separation from employment with The News Journal.

5. If Plaintiff was self-employed at any time after Plaintiff's separation from employment with The News Journal, please identify all persons or companies for whom Plaintiff performed services, the services performed, and the income Plaintiff received for each venture.

6. After Plaintiff's separation from employment with The News Journal through the present, please identify the period(s) of time during which Plaintiff did not look for another job and explain the reasons behind such decision.

7. Identify all health care providers, along with the address, which Plaintiff consulted with from January 2000 to the present and identify the specific issue or problem for which Plaintiff consulted each health care provider.

8. Set forth in complete detail whether or not Plaintiff has been medically cleared to return to work. If so, when. By whom?

9. If the answer to Interrogatory No. 8 is no, provide an explanation of when and under what circumstances Plaintiff will be cleared to return to work.

/s/ Jennifer C. Jauffret
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants

Dated: March 30, 2007

## CERTIFICATE OF SERVICE

It is hereby certified that on this 30th day of March, 2007, true and correct copies of the foregoing were served via first class mail, postage prepaid, on the following:

Ms. Vernette Walker
29 Richard Road
New Castle, Delaware 19720

_____
Steven J. Fineman (#4025)

RLF1-3133541-1