IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERNETTE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-138-MPT |
| | ) | |
| THE NEWS JOURNAL and ANN HINES, | ) ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED NOTICE OF SERVICE

TO:  Ms. Vernette Walker
29 Richard Road
New Castle, DE 19820

PLEASE TAKE NOTICE that two true and correct copies of Defendants' First Set of Requests for Production of Documents Directed to Plaintiff which are attached hereto as Exhibit A were caused to be served on March 30, 2007 in the manner indicated:

### BY FIRST CLASS U.S. MAIL

Ms. Vernette Walker
29 Richard Road
New Castle, DE 19820

/s/ Jennifer C. Jauffret
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants

Dated: May 25, 2007

RLF1-3133553-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and on May 25, 2007, mailed, via first class mail, postage prepaid, copies of the same to:

Ms. Vernette Walker
29 Richard Road
New Castle, DE 19820
*Pro Se*

/s/ #3689
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
Fineman@rlf.com

RLF1-3133553-1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNETTE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-138-MPT |
| ) | |
| THE NEWS JOURNAL and ) | |
| ANN HINES, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Defendants The News Journal and Ann Hines (jointly, "Defendants") hereby request, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that Plaintiff produce the following documents for inspection and copying at the offices of Richards, Layton & Finger, One Rodney Square, Wilmington, Delaware 19899, within 30 days of the date of these document requests.

### DEFINITIONS

1. "The News Journal" means The News Journal, its predecessors, successors, subsidiaries and affiliates and their respective predecessors in interest and successors, each of their present and former executives, officers, directors, partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on its behalf.

2. "Plaintiff" means Vernette Walker, her partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on her behalf.

3. "Complaint" means the complaint filed in this action.

4. "You," "Your" or "Yourself" shall mean Plaintiff.

RLF1-3133553-1

5. "Charge" refers to the Charge of Discrimination filed with the DDOL, Case No. 04100780 and the EEOC, Case No. 17CA500028, by Plaintiff.

6. "DDOL" refers to the Delaware Department of Labor and its agents, employees and attorneys.

7. "EEOC" refers to the Equal Employment Opportunity Commission, and its agents, employees and attorneys.

8. "Communication" means any written, oral, telephonic or other inquiry, examination, notice, representation, discussion, conversation, correspondence, e-mail, memorandum, telegram, pleading, negotiation, review, claim, agreement, understanding, meeting or interview. Communications between any individual or entity and any other individual or entity includes communications going in either direction between such individuals or entities.

9. "Document" shall have the broadest meaning permitted under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand: letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, jottings, handwritten entries or notes, meeting reports, messages, orders, resolutions, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, forms, contracts, agreements, ledgers, appraisals, financial data, findings, analyses, purchase

orders, confirmations, publications, articles, applications, books, pamphlets, circulars, booklets, certificates, microfilm, microfiche, reports, studies, logs, estimates, diagrams, journals, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photomaps, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, press releases, tape recordings, videotapes, disks, diskettes, compact disks, data tapes or readable computer-produced interpretations or transcriptions thereof, computer archives, computer databases, computer cards, computer printouts, computer tapes, computer readouts, correspondence (including fax transmissions), electronically transmitted messages ("e-mail"), voice-mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including, but not limited to, any information contained in any computer, even if not yet printed out, within the possession, custody or control of Plaintiff, or any other means of preserving thoughts or expressions, including the original and each subsequent draft, each non-identical (whether non-identical due to alterations, attachments, blanks, comments, notes, underlining, highlighting or otherwise) of any writing or record however described, wherever the document is located, however produced or reproduced, whether draft or final version. This definition also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in the preparation of any document. This definition further includes any file or other container holding, or that at any time held, any document, as well as any writing or other communication that appears or appeared on, or is or was affixed to, such file or other container.

10. "Person" or "persons" as used herein means all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact; all federal, foreign, state, local or other governmental entities; and all legal entities, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

11. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in context.

12. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

13. "Any" includes "all" and vice versa.

14. The terms "all" and "each" shall be construed as all and each.

## INSTRUCTIONS

1. Each request herein shall be construed independently and not with reference to any other request for the purposes of limitation.

2. The terms "refer," "relate," "reflect," "concerning" or "concern" shall be construed to bring within the scope of the request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the request, including, but not limited to, all documents that reflect, record, memorialize, discuss, evaluate, consider, review or report the subject matter of the request.

3. Whenever the term "including" is used herein, it shall be construed to mean "including, but not limited to."

4

4.  Whenever a verb is used in one tense it shall also be taken to include all other tenses, so as to bring within this request documents that might otherwise be excluded.

5.  In addition to original and final versions of documents, all drafts, alterations, modifications, changes and amendments of documents should be produced, as well as all copies non-identical to the original in any respect, including any copy bearing non-identical markings or notations of any kind.

6.  Where documents exist or have been captured or retained in electronic form, please so indicate in your response, and provide such documents in both electronic and hard copy (printed) form.

7.  Plaintiff shall produce every document described in the specific requests set forth below in Plaintiff's possession, custody or control regardless of whether the document is possessed physically by Plaintiff or by any of Plaintiff's agents, brokers, accountants, investigators, experts, representatives, financial advisors, consultants, employees, attorneys or other persons acting or purporting to act on Plaintiff's behalf.

8.  All documents produced in connection herewith shall be labeled to indicate the specific paragraph(s) of this document request to which they respond and how they are kept in the ordinary course of business.

9.  If any document requested herein is withheld or redacted on the basis of any claim of privilege or pursuant to any other legal doctrine, in lieu of producing such document, Plaintiff is to provide a written statement: (i) describing the nature of the document (letter, memorandum, minutes, telegram, notes, etc.); (ii) specifying the date on which the document was prepared; (iii) identifying the person(s) who prepared or authored the document; (iv) identifying the person(s) to whom the document was sent, copied or shown; (v) setting forth the subject matter of the

document; and (vi) stating the privilege or other doctrine pursuant to which the document is being withheld from production and setting forth in brief the basis for such claim of privilege or immunity from production.

10.  If any document or part thereof called for by this demand has been destroyed, discarded or otherwise disposed of, Plaintiff shall furnish a list setting forth, as to each document or part thereof, the following information: (i) the nature of the document, e.g., letter, memorandum, telegram, etc.; (ii) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (iii) the date of the document; (iv) a description of the subject matter of the document; (v) the date of destruction or other disposition; (vi) a statement of the reasons for destruction or other disposition; (vii) the name, address, occupation, title and business affiliation of each person who authorized destruction or other disposition; (viii) the name, address, occupation, title and business affiliation of each person who destroyed or disposed of the document; and (ix) the paragraph(s) of this request that call for the production of the document.

11.  If any document is not produced in full, produce it to the extent possible, and identify each page or portion of the document withheld.

12.  The specific requests set forth below are continuing requests. If, after producing all responsive documents, Plaintiff obtains or becomes aware of any additional documents responsive to these requests, production of such additional documents shall be made forthwith as required by Rule 34 of the Federal Rules of Civil Procedure.

13.  The documents requested herein must be produced as they are kept in the usual course of business, including with all staples and clips attached and with all associated file

folders, dividers and file labels, or must be organized and labeled to correspond to the categories in the request.

14. Any document bearing any marks that are not a part of the original text or any reproduction thereof is to be considered a separate document for purpose of responding to the following document requests.

15. If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

## **DOCUMENTS TO BE PRODUCED**

1. All documents Plaintiff intends to rely upon in support of the allegations and causes of action contained in the Complaint and Charge.

2. Any documents relied upon in drafting the Complaint and Charge or referred to in the Complaint and Charge.

3. All documents relating to, referring to or relied upon in support of Plaintiff's claim for damages.

4. All documents constituting handbooks, benefit descriptions, policy statements, agreements, letters, memoranda, notes or documents received by or obtained by Plaintiff from Defendants that in any way relate to the Complaint and Charge.

5. All documents that constitute contracts, agreements or understandings between Plaintiff and Defendants referring or relating to any matter alleged in the Complaint and Charge.

6. All letters, memoranda or notes transmitted by Plaintiff to Defendants referring or relating to any matter alleged in the Complaint and Charge.

7. All documents evidencing communications, whether oral or written, between Defendants and Plaintiff referring or relating to any matter alleged in the Complaint and Charge.

8. All diaries, calendars, logs, notes and other personal recordings prepared by Plaintiff from the beginning of her employment with The News Journal to the present relating in any way to Plaintiff's claims against Defendants alleged in the Complaint and Charge.

9. All diaries, calendars, logs, notes and other personal recordings prepared by Plaintiff from the beginning of her employment with The News Journal to the present relating in any way to Plaintiff's claims for damages.

10. All documents evidencing Plaintiff's efforts to obtain employment after Plaintiff's separation from employment with The News Journal.

11. All resumes prepared by Plaintiff from the beginning of her employment with The News Journal to the present.

12. All medical records and diagnostic tests of Plaintiff's in Plaintiff's possession or control from 2000 to the present.

13. All federal, state, county and city tax returns filed by Plaintiff from 2003 to the present, including all documents relating to the audit of any such returns.

14. All documents which, in any way, relate to the monetary compensation Plaintiff received from each employer for whom she worked after Plaintiff's separation from employment with The News Journal including, but not limited to, documents which evidence Plaintiff's starting salary; the amount and date of all salary increases, any commission, bonus or other form of incentive payments; how such commission, bonus or other incentive payments were calculated and paid; and the amount and form of any other monetary compensation.

15. All documents constituting, discussing, or explaining benefits received by Plaintiff from each and every employer who employed Plaintiff after Plaintiff's separation from employment with The News Journal.

16. All documents which, in any way, relate to any unemployment compensation benefits, workers' compensation benefits, disability benefits, veteran's benefits, retirement benefits, welfare, aid to dependent children, social security benefits or other relief, aid or income which Plaintiff received from or through any governmental agency, insurance carrier, employer or other entity from 2003 to the present.

*/s/ Jennifer C. Jauffret*
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants

Dated: March 30, 2007

## CERTIFICATE OF SERVICE

It is hereby certified that on this 30th day of March, 2007, true and correct copies of the foregoing were served via first class mail, postage prepaid, on the following:

> Ms. Vernette Walker
> 29 Richard Road
> New Castle, Delaware 19720

Steven J. Fineman (#4025)