IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNETTE WALKER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C. A. No. 06-138-MPT |
| : | |
| THE NEWS JOURNAL and ANN HINES, : | |
| : | |
| Defendants. : | |

## MEMORANDUM ORDER

The Plaintiff, Vernette Walker ("Walker") is a *pro se* litigant proceeding *in forma pauperis*.[1] She recently filed a letter motion for appointment of counsel. (Docket Item [D.I.] 37). Previously, Walker had been representing herself before the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"). Defendants, the News Journal and Ann Hines ("defendants") take no position on Walker's motion. (D.I. 41). For the reasons contained herein, Walker's motion is denied.

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). A court in its discretion, however, may appoint counsel. 28 U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of special circumstances indicating the likelihood of substantial prejudice" to

---

[1] Walker alleges that she was discriminated against on the basis of age and disability and that she was retaliated against by defendants. D.I. 2. She claims that she was terminated from her employment following an automobile accident. She asserts that she was damaged by denial of merit pay and other eligible benefits, including severance and vacation pay. *Id*.

the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22 (3d Cir. 1984).

The non-exhaustive list of factors delineated in *Tabron* to determine whether appointment of counsel is appropriate are: (1) the plaintiff's ability to present her own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on her own behalf. *Id*. at 156-57; *Parham*, 126 F.3d at 457-58.

There are no circumstances in this case that make it appropriate for this court to appoint counsel for Walker at this time. Although Walker is concerned that she is not versed in the law, she has done an adequate job in presenting her case. She filed a petition before the DDOL, which outlined the basis of her allegations in which she represented that she is a qualified individual with a disability and able to perform the essential functions of her position, with or without a reasonable accommodation. In her DDOL petition, Walker explains that she was on approved medical leave beginning in April 2004, was harassed by Hines and Rumpf, both employees of the News Journal, and then summarily discharged. The DDOL investigated and found that she is not a covered disabled individual under the Americans with Disabilities Act ("ADA"). Walker subsequently petitioned for review by the EEOC, which adopted the findings of the

DDOL and issued a right to sue letter.[2] Thereafter, Walker proceeded in this court by filing her complaint. When initially denied *in forma pauperis* status, she re-petitioned this court by filing the appropriate documentation regarding her financial status. She has also provided her initial disclosures, noting the names of individuals with knowledge regarding her claim, including medical personnel. Walker has adequately participated in telephone conferences with the court indicating that she understands the court's directions and orders. Nothing has been presented to this court to suggest that the allegations or legal issues are sufficiently complex to warrant appointment of counsel. Presently, it does not appear that the case will turn solely on credibility determinations, since Walker indicated in her initial disclosures that there are documents regarding communications with Hines and records of voice messages of both Hines and Rumpf. At this stage, it is not certain whether expert witnesses will be necessary, although the court recognizes that Walker's treating physicians may be called upon to testify.

Despite Walker's contentions that her ability to adequately represent herself is limited due to her health,[3] her activities in pursuing her claims suggested otherwise. The court understands that Walker is delinquent on responding to defendants' discovery and has not filed an answering brief to defendants' motions to dismiss as ordered. This delay may, in part, be due to awaiting this ruling on her request for appointment of counsel. She may also be concerned that her responses would not

---

[2] A right to sue letter by the EEOC is not a finding of cause against defendants, is not a finding in favor of a plaintiff and is not a determination that a plaintiff's claim has merit.

[3] No health conditions or problems have been identified to the court.

sound "legal." As Walker mentioned in her letter motion, based upon the manner in which she was terminated, she feels that her case has merit. In filing responses to defendants' discovery, she can provide the information within her knowledge and copies of documents within her possession. In addition, arrangements could be made for Walker to provide her documents and other records upon which she relies in support of her case to defense counsel for copying. Similarly, in responding to defendants' motions to dismiss, she can explain the conduct of defendants, how that conduct was discriminatory and the bases for her claims.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Walker's motion for appointment of counsel (D.I. 37) is DENIED, with leave to refile.

2. Walker shall provide responses to defendants' requests for production of documents and defendants' first set of interrogatories on or before **July 16, 2007.** Defendants are directed to provide copies of any documents or records that they obtain as a result of their subpoenas to Walker at defendants' cost within five (5) working days of receipt of those documents or records. Walker and counsel for defendant are directed to confer prior to July 16, 2007 to make arrangements for any exchange of documents or records and other discovery. Walker is reminded that answers to interrogatories are under oath

3. Walker shall file her answering briefs, with affidavits, exhibits or other attachments, if any, on or before **August 6, 2007.** Each answering brief, excluding any attachments, may not be more than thirty (30) pages.

    4. Violation of this Order or any other Order in this matter may result in the court issuing sanctions, including dismissal of the action, upon the request by either party. If any continuances are needed, the parties are directed to file their requests **prior to** the due date of any response, brief or cut-off date, to obtain permission from the court for an extension. Self-granted extensions will not be allowed.

Date: June 12, 2007        /s/ Mary Pat Thynge
                UNITED STATES MAGISTRATE JUDGE