Vernette Walker
                        Plaintiff
The News Journal
Ann Hines
                        Defendants

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 JUL 13  PM 3: 06

#06-138- MPT

July 13, 2007

Response To Defendent
Request to Produce

Documents I intend to rely upon in
Support of my complaint and change are
not readily accessible. I do intend
to rely upon medical records, handbook (co.)
Letters from defendants & their counsel
"Cynthia Hale Coffeit", community legal aid (ae)
DDOL letters and others as they become
available to me.

I also find concern in producing
these documents because I see nothing
relative to a good cause production
of documents from me. Defendants An
Hines )the News Journal should have
documents to be produced as requested.
I do authorize any documents you choose
to request from any of the above names or
companies be released to you.

                                    Vernette Walker

*Vernett v. [handwritten]*
*the News Journal [et al defendant]   #06-138-mPT*
*[handwritten: Ank 4] [handwritten]* In addition to original and final versions of documents, all drafts, alterations,

modifications, changes and amendments of documents should be identified, as well as all copies

non-identical to the original in any respect, including any copy bearing non-identical markings or

notations of any kind.

5.    If any information requested herein is withheld or redacted under claim of

privilege or pursuant to any other legal doctrine, you are requested at the time of responding to

these interrogatories to (i) state with specificity the claim of privilege or other reason used to

withhold the information and (ii) identify all information by date and subject matter, without

disclosing its contents, in a manner sufficient to allow it to be described to the Court for ruling

on the privilege or other reason asserted.   You are further requested to provide all requested

information that is not subject to a claim of privilege or other reason for non-production by

excising or otherwise protecting the portions for which a privilege is asserted, if such technique

does not result in disclosing the contents of the portions for which some privilege is asserted.

6.    If you object to any subpart of a request for information or object to providing

certain information requested, state the objection and answer the unobjectionable subpart(s) of

the request for information and/or supply the unobjectionable information requested.

These interrogatories are continuing in nature.   If further information or documents come into

your possession or are brought to your attention during preparation for trial, supplementation of

your response is hereby requested.

**INTERROGATORIES**

1.    Describe in specific detail each effort or action Plaintiff took to find employment

following Plaintiff's separation from employment with The News Journal through the present

(i.e., reviewing newspaper ads, contacting employment agencies, sending out resumes, etc.) and

*[handwritten: Wilmington Transportation]*
*[handwritten: the news Journal]*

RLF1-3133541-1

*06 -138- MPT* ②

the frequency with which Plaintiff took such action(s) or made such effort(s) (i.e., daily, weekly,

monthly, etc.).

2.    Identify each employer or person from which Plaintiff received an interview and,

if applicable, an offer of employment subsequent to Plaintiff's separation from employment with

The News Journal through the present. *Wilm. Transportation - the News Journal*
*no interviews*

3.    Set forth in complete detail Plaintiff's employment history after Plaintiff's

separation from employment with The News Journal, including the identity and address of each

employer for whom Plaintiff worked and the dates for which Plaintiff worked for that

employer(s).

4.    Describe in complete detail the compensation (monetary and benefits) Plaintiff

received from each employer for whom she worked after Plaintiff's separation from employment *lost wages*

with The News Journal. *non Any - the News Journal*
*+ permanent injury settlement*

5.    If Plaintiff was self-employed at any time after Plaintiff's separation from

employment with The News Journal, please identify all persons or companies for whom Plaintiff

performed services, the services performed, and the income Plaintiff received for each venture.

6.    After Plaintiff's separation from employment with The News Journal through the

present, please identify the period(s) of time during which Plaintiff did not look for another job

and explain the reasons behind such decision. *(See attached)*

7.    Identify all health care providers, along with the address, which Plaintiff

consulted with from January 2000 to the present and identify the specific issue or problem for

which Plaintiff consulted each health care provider. *( See attached*

8.    Set forth in complete detail whether or not Plaintiff has been medically cleared to

return to work. If so, when. By whom? *August 23, 2004 By Company*
*Doctor. (Linda Swide - Concentra Medical Center). Never*
*Received a return to work notice no call from Defendant*
*after August 23, 2004 (date of exam/evaluation)!*