IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNETTE WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>THE NEWS JOURNAL and<br>ANN HINES,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 06-138-MPT<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' RESPONSES TO PLAINTIFF'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants The News Journal and Ann Hines (jointly, "Defendants") hereby object and respond to plaintiff Vernette Walker's First Set of Requests for Production of Documents (the "Requests"), as follows:

### GENERAL OBJECTIONS

1.  Defendants reserve all objections to the competency, relevancy and admissibility of any documents produced. The identification or production of any document does not constitute an admission that such document is relevant to any issue in this case, competent for use as proof, or admissible for any purpose in the pending litigation.

2.  Defendants object to each and every Request insofar as it purports to designate a potentially voluminous group of documents covering an indefinite period, which documents do not appear to be relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence. Therefore, Defendants object to each and every Request to

-2-

the extent that it is burdensome or calls for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to the Requests to the extent they seek the disclosure of documents and things that come within the scope of attorney-client privilege, work-product immunity, any other applicable privilege or immunity protecting materials from disclosure, or are otherwise exempted from discovery. Such documents and things will not knowingly be disclosed. The inadvertent disclosure of any such documents and things is not intended to and will not constitute a waiver of such privilege or immunity, or an agreement to produce such privileged or immune documents and things.

4. Defendants object to the Requests, including, without limitation, the definitions, to the extent that they seek to expand or modify the breadth or scope of discovery, or to impose any obligations beyond those established by the Federal Rules of Civil Procedure, or purport to define words in a way not consistent with their generally understood meanings.

5. Defendants object to each and every Request insofar as it seeks information that is available to the plaintiff from another source.

6. Defendants object to each and every Request insofar as it seeks the production of documents that are not in Defendants' possession, custody or control.

7. Defendants object to each and every Request insofar as it seeks the production of documents in the public domain and easily accessible by, if not already in the possession of, the plaintiff.

8. Defendants object to each and every Request insofar as it seeks production of any and all responsive documents that may exist. Without waiving this objection, Defendants will produce non-privileged documents that are responsive to each and every Request and reasonably

-3-

calculated to lead to the discovery of admissible evidence, that can be found through a reasonably diligent search by Defendants, and not otherwise objected to herein, as further detailed in the responses to the individual requests below. Defendants reserve the right to supplement its production of documents.

9. Defendants object to each and every Request insofar as it requires Defendants to produce multiple copies of the same document. Defendants will produce a copy of a previously produced document only if it contains additional, non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence in this action.

10. Defendants object to the Requests to the extent that they seek documents beyond those required to be produced under applicable law.

11. Defendants object to disclosing any information or producing any documents that contain or constitute confidential, proprietary, or commercially sensitive information without the confidentiality of such information being protected by an appropriate Court order.

## OBJECTION TO DEFINITION

1. Defendants object to Plaintiff's definition of "Ann Hines" to the extent documents are requested from Anne Hines in her individual capacity.

## RESPONSES AND OBJECTIONS

1. Ann Hines (sic.) August Phone Log. (August 2004).

**RESPONSE:**

Subject to and without waiver of the General Objections and Objections to Definitions expressly incorporated herein by reference, non-privileged documents responsive to this request will be produced to the extent the documents are in the possession, custody or control of Defendants and can be located after a reasonable search.

2.     New Hired employees in Finance Dept from August 30, 2004-Present to include job title and duties.

**RESPONSE:**

Defendants object to this Request to the extent that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it does not set forth with reasonable particularity the documents or category of documents requested for production. Subject to and without waiver of the objections set forth here and the General Objections and Objections to Definitions expressly incorporated herein by reference, non-privileged documents responsive to this request, specifically a list of employees hired after August 30, 2004 will be produced.

3.     Letter of document stating my return to work date after the August 23, 2004 release from the company doctor to return to work.

**RESPONSE:**

Defendants object to this Request to the extent that it is vague and unclear. Subject to and without waiver of the objections set forth here and the General Objections and Objections to Definitions expressly incorporated herein by reference, non-privileged documents responsive to this request, which relate to Plaintiff, if any, will be produced to the extent the documents are in the possession, custody or control of Defendants and can be located after a reasonable search.

4.     Copy of my personnel file from 1988-Present.

**RESPONSE:**

Defendants object to this Request to the extent that it is overly broad. Subject to and without waiver of the objections set forth here and the General Objections and Objections to Definitions expressly incorporated herein by reference, non-privileged documents responsive to this request, which relate to Plaintiff, will be produced to the extent the documents are in the possession, custody or control of Defendants and can be located after a reasonable search.

RLF1-3178386-1

5. Copy of old and updated handbook(s).

**RESPONSE:**

Defendants object to this Request to the extent "old" and "updated" is vague and ambiguous and therefore does not set forth with reasonable particularity the documents or category of documents requested for production. Defendants further object to this Request to the extent it is overly broad and is not reasonable calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the objections set forth here and the General Objections and Objections to Definitions expressly incorporated herein by reference, non-privileged documents responsive to this request, which relate to Plaintiff, specifically the handbook in effect during Plaintiff's employment, will be produced to the extent the documents are in the possession, custody or control of Defendants and can be located after a reasonable search.

6. Letter or document informing me of my right to appeal denial and reverse actions of my earned benefits.

**RESPONSE:**

Subject to and without waiver of the objections set forth here and the General Objections and Objections to Definitions expressly incorporated herein by reference, non-privileged documents responsive to this request, if any, which relate to Plaintiff, will be produced to the extent the documents are in the possession, custody or control of Defendants and can be located after a reasonable search.

7. Anne Hines (sic.) job description and duties.

**RESPONSE:**

Defendants further object to this Request on the grounds that it is irrelevant and also to the extent documents are requested from Anne Hines in her individual capacity. Subject to and

-6-

without waiver of the objections set forth here and the General Objections and Objections to Definitions expressly incorporated herein by reference, non-privileged documents responsive to this request, which relate to Plaintiff, will be produced to the extent the documents are in the possession, custody or control of Defendants and can be located after a reasonable search.

_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
302-651-7700
Attorneys for Defendants The News Journal
and Ann Hines

Dated: August 10, 2007